UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-151-FDW

| | |
|---|---|
| DOUGLAS DURANT LIPFORD, II, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| MIKE BALL, ) | |
| Superintendent of Avery/Mitchell Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the Court's own motion following the filing of Respondent's Motion to Dismiss on December 22, 2014, (Doc. No. 7).

The Court notifies Petitioner that, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner has a right to respond to Respondent's motion to dismiss.[1] The Court also advises Petitioner that failure to respond may result in dismissal of the Complaint.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall respond to the pending Motion to Dismiss, (Doc. No. 7), no later

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

1

than fourteen (14) days from entry of this Order. Failure to file a timely and persuasive response will likely lead to the dismissal of this lawsuit.

Signed: January 5, 2015

Frank D. Whitney
Chief United States District Judge